UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at Pikeville)

| | |
|---|---|
| DEXTER JEMISON, | ) |
| Petitioner, | ) Civil Action No. 7: 20-144-DCR |
| v. | ) |
| FEDERAL BUREAU OF PRISONS, et al., | ) **MEMORANDUM OPINION** |
| Respondents. | ) **AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Inmate/Petitioner Dexter Jemison (also known as Terry L. Jemison) is currently confined at the United States Penitentiary-Big Sandy in Inez, Kentucky. Proceeding without an attorney, Jemison has filed a pleading styled as a "Writ of Habeas Corpus: Motion Under the First Step Act and CARES Act 3582(c)(1)(A)(i)." [Record No. 1] For administrative purposes, Jemison's pleading has been docketed as a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Jemison's petition is not filed on a form approved for use by this Court as required by Local Rule 5.3. Likewise, Jemison did not pay the $5.00 filing fee as required by 28 U.S.C. § 1914 or file a motion for leave to proceed *in forma pauperis*.

However, a review of Jemison's construed § 2241 petition shows that it must be dismissed for another reason: it seeks relief that is unavailable in a § 2241 proceeding.[1]

---

[1] A § 2241 petition is subject to initial screening by the Court as required by 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

Jemison's petition requests modification of his sentence pursuant to 18 U.S.C. § 3582 in light of unspecified "extraordinary and compelling circumstances." However, Jemison was sentenced by the United States District Court for the Central District of Illinois, not this Court. *See United States v. Jemison*, 1: 95-cr-10035-JBM-1 (C.D. Ill. 1995); *United States v. Jemison*, 1: 00-cr-10007-JBM-2 (C.D. Ill. 2000). A motion for modification of an imposed term of imprisonment filed under 18 U.S.C. § 3582(c) must be made in the Court that sentenced Jemison. *See* 18 U.S.C. § 3582(c) (providing the limited circumstances under which the court that imposed a sentence may modify that sentence). Indeed, "although the [Bureau of Prisons] has the ability to recommend compassionate release, only the sentencing court is authorized to reduce a term of imprisonment." *See Wilson v. Williams*, 961 F.3d 829, 844 (6th Cir. 2020). "A district court reviewing a claim under § 2241 does not have authority to circumvent the established procedures governing the various forms of release enacted by Congress." *Id*. at 838. Thus, Jemison may not pursue relief under § 3582 in this Court *via* a § 2241 habeas petition.

In addition, to the extent that Jemison states that he should have been given "release papers" on September 13, 2020, [Record No. 1 at p. 3], a review of the "Inmate Locator" website maintained by the Bureau of Prisons ("BOP") shows that Jemison's current projected release date is May 27, 2022. *See* BOP Inmate Locator, http://www.bop.gov/inmateloc/ (last visited November 23, 2020). And, to the extent Jemison's § 2241 petition could be broadly construed to suggest that the BOP has incorrectly calculated his sentence, Jemison's attempt to raise such a claim via a § 2241 petition was specifically denied on its merits by the United States District Court for the Middle District of Pennsylvania. *See Jemison v. Warden Oddo*, 3:18-cv-702-ARC-PT (M.D. Pa. 2018) at Record No. 11, Memorandum (issued Nov. 1, 2019)

(finding that the BOP's calculation of Jemison's sentence was correct and denying his § 2241 petition).

For the reasons outlined above, the Court will deny Jemison's § 3582 motion (construed as a § 2241 petition) without prejudice to Jemison's right to pursue relief in the Court that sentenced him. Accordingly, it is hereby

**ORDERED** as follows:

1. Jemison's "Motion Under the First Step Act and CARES Act 3582(c)(1)(A)(i)" [Record No. 1], construed as a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241, is **DENIED**, without prejudice.

2. This matter is **DISMISSED** and **STRICKEN** from the docket.

Dated: November 24, 2020.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky